IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**TAMPA HAMPTON, DORIS SKAARER**
**and DEBBY SUNDQUIST,**

  **Plaintiffs,**

v.                  Case No. _____

**TEM ENTERPRISES, INC.,**
**d/b/a XTRA AIRWAYS,**         **JURY TRIAL**
                   **DEMANDED**
  **Defendant.**
_____/

## COMPLAINT

Plaintiffs Tampa Hampton, Doris Skaarer and Debby Sundquist bring this Complaint seeking damages and equitable relief against Defendant TEM Enterprises, Inc., doing business as XTRA Airways, for their discriminatory terminations in violation of the Age Discrimination in Employment Act, §29 U.S.C. 621, *et seq.,* as amended ("ADEA"), and the Florida Civil Rights Act (FCRA), Chapter 760, Fla. Stat.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, §29 U.S.C. 621.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as the Defendant resides in this district.

### CONDITIONS PRECEDENT

3. All conditions precedent to this lawsuit, if any, have been satisfied or waived.

4. Plaintiffs dual-filed their charges of discrimination with the Equal Employment

Opportunity Commission (EEOC) and Florida Commission on Human Rights (FCHR) within 300 days of the occurrence of the discriminatory acts.

5. Plaintiff Tampa Hampton filed her Charge of Discrimination on March 14, 2017, Charge No. 510-2017-01814. *See* Ex. A.

6. Plaintiff Doris Skaarer filed her Charge of Discrimination on April 27, 2017, Charge No. 515-2017-00458. *See* Ex. B.

7. Plaintiff Debby Sundquist filed her Charge of Discrimination on June 5, 2017, Charge No. 515-2017-00577. *See* Ex. C.

8. All of the Plaintiffs have received their Notices of Right to Sue from the EEOC; these were mailed to each of the Plaintiffs on June 4, 2019. *See* Ex. D.

## PARTIES

9. Plaintiff Tampa Hampton is a resident of Chandler, Arizona.

10. Plaintiff Doris Skaarer is a resident of Harlingen, Texas.

11. Plaintiff Debby Sundquist is a resident of Wendover, Nevada.

12. At all times material to this Complaint, Defendant employed Plaintiffs as flight attendants.

13. Defendant TEM Enterprises, Inc., d/b/a XTRA Airways, is a Florida corporation headquartered in Coral Gables, Miami-Dade County, Florida.

14. Defendant is an employer as defined by the ADEA.

15. Defendant is an employer as defined by the FCRA.

16. Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent.

## FACTUAL ALLEGATIONS

17. Defendant is a private charter airline that operates throughout the United States as well as Canada, the Caribbean and throughout Latin America.

18. Defendant is located in Coral Gables, Florida.

19. All of Defendant's management team is located in Coral Gables, Florida.

20. Defendant employed Plaintiffs as flight attendants.

21. Plaintiffs' supervisor was located in Coral Gables, Florida.

22. Plaintiffs attended all required training in Coral Gables, Florida.

23. At the time of their termination, the Plaintiffs were stationed at Defendant's base in Wendover, Nevada.

24. The Plaintiffs were transferred to the Wendover, Nevada base in or around May 2016.

25. Defendant terminated Plaintiffs' employment effective February 13, 2107, claiming that it lost a contract that necessitated the Wendover base and it was "not in a position to retain" their employment.

26. Defendant was aware that it would be losing this contract as early as October 2016.

27. The Plaintiffs repeatedly asked Defendant where they would be transferred after the contract ended; however, Defendant ignored their requests for information.

28. Plaintiff Debby Sundquist worked for XTRA Airways for 23 year; she was 60 years old at the time of her termination and was number one in seniority for all flight attendants.

29. Plaintiff Tampa Hampton worked for Defendant for approximately six years and was 68 years old at the time of her termination; she was the oldest flight attendant working for

Defendant.

30. Although stationed at Wendover, Plaintiff Hampton primarily flew charters on the east coast to and from Atlantic City for six months prior to her termination; before then, she was assigned to work on Hillary Clinton's charter jet.

31. Plaintiff Doris Skaarer was 58 years old at the time of her termination and had worked for Defendant for approximately two years.

32. The standard practice for base closures was to transfer flight attendants to other active or new bases.

33. Defendant failed to transfer Plaintiffs to a new base despite its standard practice.

34. Defendant told the Plaintiffs that they could "reapply" for their jobs; however, they would lose any seniority that each had accrued and that there were no open positions at the time of their termination.

35. Around the same time Defendant closed its Wendover base, it opened a new base in Laughlin, Nevada to service casino charters.

36. None of the Plaintiffs were offered the opportunity to transfer to the new Laughlin, Nevada base.

37. Younger flight attendants were stationed at the Laughlin, Nevada base.

38. At no time were any Plaintiffs offered the opportunity to transfer to *any* base without reapplying for employment, with a loss of seniority.

39. March is one of XTRA Airway's busiest months with numerous charters related to "March Madness" college basketball games.

40. Three weeks prior to terminating Plaintiffs' employment, Defendant advertised that it was hiring for new flight attendants.

41. On the same day that Plaintiffs' terminations were effective, Defendant started a new class of flight attendants.

42. Subsequent to Plaintiffs' terminations, Defendant started another new class of flight attendants in mid-March 2017.

43. Defendant wanted to get rid of the older flight attendants because it wanted a "new look."

44. Defendant repeated that it wanted a "new look" at the time of Plaintiffs' terminations during a training class.

45. In addition to the Plaintiffs, two other flight attendants were stationed in Wendover, Kenya Johnson and Marlenys Zamora.

46. Ms. Johnson and Ms. Zamora were under 30 years old at the time of the base closure.

47. Ms. Johnson was pregnant at the time and alerted Defendant of this fact in January 2017.

48. Ms. Zamora suffered an on-the-job injury prior to the base closure.

## COUNT I: AGE DISCRIMINATION - ADEA
## 29 U.S.C. § 621, *et seq.*,

49. Plaintiffs re-allege the allegations contained in paragraphs 1 - 48.

50. Defendant through its managers and agents violated the ADEA by terminating Plaintiffs because of their ages while retaining and hiring substantially younger similarly situated employees.

51. As a direct, natural and proximate result of Defendant's actions, Plaintiffs have been injured, suffering a loss of wages, benefits and humiliation.

52. Defendant's acts, as more particularly alleged above, constituted violations of 29

U.S.C. § 621, *et seq.*, and were done with a knowing reckless disregard of the ADEA.

53. Because Defendant acted intentionally, with malice and reckless disregard for Plaintiffs' rights under the ADEA, they are entitled to liquidated damages under the ADEA.

### COUNT II: AGE DISCRIMINATION – FCRA
### Chapter 760, Fla. Stat., *et seq.*

54. Plaintiffs re-allege the allegations contained in paragraphs 1 - 48.

55. Defendant through its managers and agents violated the Florida Civil Rights Act by terminating Plaintiffs because of their ages while retaining and hiring substantially younger similarly situated employees.

56. As a direct, natural and proximate result of Defendant's actions, Plaintiffs have been injured, suffering a loss of wages, benefits and humiliation.

57. Defendant's acts more particularly alleged above, constitute violations of the Florida Civil Rights Act of 1992, as amended, Florida Statute §760.10 and §760.11 and were done with a knowing or reckless disregard of the FCRA's proscriptions.

58. Defendant's actions were so malicious and in such reckless indifference to the state protected rights of Plaintiffs as to entitle them to receive an award of punitive damages to punish them, and to deter it, and others, from such conduct in the future.

59. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiffs have suffered past and future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Assume jurisdiction over this action;

b. Award judgment against Defendant and for the Plaintiffs;

c. Award Plaintiffs back pay, liquidated damages and front pay;

d. Award Plaintiffs compensatory damages for pain and suffering, mental and emotional distress, anxiety, humiliation, and any other injury in an amount to be determined by the enlightened conscious of the jury;

e. Award Plaintiffs punitive damages against Defendant in an amount to be determined by the enlightened conscious of the jury to deter Defendant and others from similar misconduct in the future;

f. Award injunctive relief;

g. Award Plaintiff reasonable attorney's fees, expenses and costs of litigation;

h. Award Plaintiff pre and post-judgment interest;

i. Award Plaintiff such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 26th day of August 2019,

/s/ Lisa C. Lambert
Lisa C. Lambert
Florida Bar No. 495298
Law Office of Lisa C. Lambert
245 N. Highland Avenue
Suite 230-139
Atlanta, GA 30307
(404) 556-8759
lisa@civil-rights.attorney

Amanda A. Farahany
Georgia Bar No. 646135
BARRETT & FARAHANY
1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 fax

7

        amanda@justiceatwork.com
        *Pro Hac Vice Application Forthcoming*

        Attorneys for Plaintiffs